UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

L.C. BY HER MOTHER AND LEGAL GUARDIAN
ZENOBIA CUTCHIN, LONNIE FULFORD, AND
ZENOBIA CUTCHIN INDIVIDUALLY,

                                        Plaintiffs,

                      -against-

THE CITY OF NEW YORK, POLICE OFFICER JIMMY
CLERGE (SHIELD NO. 1541), POLICE OFFICER
CEVALLOS (SHIELD NO. 31208), POLICE OFFICER
JOHN DOE 1-6,

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF
DEFENDANT CITY**

10-CV-2964 (FB) (JMA)

JURY TRIAL DEMANDED

        Defendants City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

        1.  Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

        2.  Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        3.  Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, Police Officer Jimmy Clerge and Police Officer Cevallos have not yet been served with the Complaint in this action, and therefore are not defendants at this time.

4.   Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.   Admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

8.   Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation organized and operating under the laws of the State of New York and admit that the City maintains a police department and respectfully refer the plaintiffs to the NYC Charter and Administrative Code for a further recantation of the police department's functions.

9.   Denies the allegations set forth in paragraph "9" of the complaint, except admits that Police Officer Jimmy Clerge and Police Officer Cevallos were employed by the New York City Police Department on the date of the subject incident, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the unidentified police officers.

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff, Lonnie Fulford was arrested on January 17, 2010 in or about 552 Gates Avenue, Brooklyn, New York.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint as it pertains to plaintiff, Zenobia Cutchin's alleged physical injuries and medical treatment.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

36.   The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

37.   Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

- 4 -

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

38.   At all times relevant to the acts alleged in the complaint, defendant City acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

39.   Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of the defendant City.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

40.   Punitive damages cannot be recovered against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

41.   There was probable cause for plaintiffs' arrest, detention and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

42.   This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

43.   This action is barred in whole or in part for plaintiff's failure to comply with N.Y. GEN. MUN. LAW § 50-(e), (h) or (i).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

44.   At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.   Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

45.   Plaintiffs provoked any incident.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
              September 20, 2010

MICHAEL A. CARDOZO
Corporation Counsel
  of the City of New York
*Attorney for Defendants City*
100 Church Street, Room 3-196
New York, New York 10007
(212) 788-0899

By: _____
     Stuart E. Jacobs
     *Assistant Corporation Counsel*
     Special Federal Litigation Division

cc:    VIA ECF
      Robert Marinelli, Esq.
      Law Office of Robert Marinelli
      *Attorney for Plaintiff*

10-CV-2964 (FB) (JMA)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

L.C. BY HER MOTHER AND LEGAL
GUARDIAN ZENOBIA CUTCHIN, LONNIE
FULFORD, AND ZENOBIA CUTCHIN
INDIVIDUALLY,

Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
JIMMY CLERGE (SHIELD NO. 1541), POLICE
OFFICER CEVALLOS (SHIELD NO. 31208),
POLICE OFFICER JOHN DOE 1-6,

Defendants.

## ANSWER ON BEHALF OF CITY OF NEW YORK

### MICHAEL A. CARDOZO

*Corporation Counsel of the City of New York*
*Attorney for Defendants City*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................... , 200......*

*............................................................................. Esq.*

*Attorney for ................................................................*